# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALIK MASON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-800-J |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing pro se, filed a Petition seeking habeas relief from a state court conviction pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Upon examining the Petition under Rule 4 of the Rules Governing Section 2254 Cases, Judge Erwin issued a Report and Recommendation finding the Petition contained arguably exhausted and unexhausted claims, and recommending that Petitioner file an amended petition raising only his due process claim—based on an alleged unknowing and involuntary plea. *See* [Doc. No. 9]. Petitioner thereafter filed an Amended Petition (Am. Pet.) [Doc. No. 10], and the Court re-referred the matter to Judge Erwin for further consideration.

At issue now is Judge Erwin's Report and Recommendation recommending that the Amended Petition be dismissed in its entirety (Rep. & Rec.) [Doc. No. 12], to which Petitioner objected (Petr.'s Obj.) [Doc. No. 13].

As interpreted by Judge Erwin, the Amended Petition raises several grounds for habeas relief, namely, that: (1) Petitioner is innocent because he was in state custody when the alleged crimes occurred; (2) Petitioner's indictment was fraudulent; (3) medical reports were not produced in Petitioner's favor; (4) Petitioner was denied a mental health advocate; (5) Petitioner's Fifth

Amendment privilege against self-incrimination was violated; (6) Petitioner's state court trial attorney was ineffective; and (7) Petitioner lacked an understanding of his plea. *See* Rep. & Rec. at 5–6. Ultimately, Judge Erwin recommends dismissal of the Amended Petition on the basis that it contains only unexhausted claims. *See id.* at 5. Petitioner responds by simply repeating that he lacked an understanding of his state court plea and its associated consequences. *See* Petr.'s Obj. at 1 ("[Petitioner] was denied a fair trial by the failure to be told the meaning of the plea agreement and the consequences of the plea."); *id.* ("The humble petitioner request the court focused on the competence inquiry and the defenders lack of understanding of the plea and it's meaning."); *id.* at 2 ("The petitioner did not understand the nature of the plea and the consequences.").

Upon de novo review, while agreeing largely with Judge Erwin's findings, the Court concludes that the Amended Petition contains one exhausted claim—Petitioner's previously asserted due process claim based on his alleged unknowing and involuntary plea. To that end, in seeking post-conviction appellate review by the Oklahoma Court of Criminal Appeals, Petitioner argued that his due process rights had been violated because he did not understand the nature and consequences of his state court plea. *See* Brief of Petitioner at 6, *Mason v. State of Oklahoma*, No. C-2020-738 (Okla. Ct. Crim. App. Mar. 9, 2021) ("The facts of this case show that the accused, [Petitioner], did not understand the material consequences of the No Contest pleas he ultimately entered."); *see also id.* at 8 ("[Petitioner's] misunderstanding of the consequences of his plea was inevitable."). And while the Amended Petition is by no means a model of clarity,[1] it provides that Petitioner "did not understand the plea" and lacked an "understanding of [the] law." Am. Pet. at 2. Ultimately, the Court finds that the due process claim was "fairly presented to the state court,"

---

[1] Petitioner notes he is a "mental ill patient . . . diagnosed to be of a person of . . . the 4th or 5th grade understanding." Am. Pet. at 1.

such that Petitioner "raised the 'substance' of the federal claim in state court." *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009) (internal quotation marks omitted); *see also Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) ("A petitioner need not invoke talismanic language or cite book and verse on the federal constitution. Rather, the crucial inquiry is whether the substance of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." (internal quotation marks and citations omitted)).

But the Court is in agreement with Judge Erwin's findings that all other claims contained within the Amended Petition are unexhausted. As a practical matter, this leaves the Court with the option to either "dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or . . . deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). The Court may also allow Petitioner to amend his Amended Petition and delete the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Accordingly, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation [Doc. No. 12]. In the interests of justice, Petitioner is granted thirty (30) days within which to file a second amended petition raising *only* the exhausted due process claim providing that he lacked an understanding of the nature and consequences of his state court plea. Given that this is Petitioner's third chance to file a petition asserting only exhausted claims, he is warned that failure to assert *only* his exhausted due process claim will result in dismissal. If Petitioner fails to file a second amended petition, the action will be dismissed without prejudice and without further notice to Petitioner. If Petitioner files a second amended petition, the Court shall re-refer the case to Judge Erwin to address the sufficiency of the second amended petition.

IT IS SO ORDERED this 20th day of March, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

4