UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALIK MASON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-800-J |
| | ) |
| THE STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner, Malik Mason, a state prisoner appearing pro se, sought habeas relief from a state court conviction and the matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Currently pending is Judge Erwin's fourth Report and Recommendation, wherein he recommends dismissing Petitioner's action without prejudice. [Doc. No. 27]. Petitioner has objected [Doc. No. 28].[1] On de novo review, the Report and Recommendation is ADOPTED and the matter is DISMISSED without prejudice.

**I.   Background**

Relevant here, Petitioner entered a plea of no contest to fourteen counts of indecent or lewd actions with a child under the age of sixteen in Oklahoma County District Court. Acting pro se, Petitioner timely sought to withdraw his plea and after a hearing, the state court denied relief. Represented by counsel, Petitioner then appealed to the Oklahoma Court of Criminal Appeals. That court denied relief and Petitioner filed a habeas Petition in September 2022.

---

[1] Petitioner thereafter filed an identical objection. *See* [Doc. No. 29].

In his first Report and Recommendation, Judge Erwin recommended dismissal for failure to exhaust the claims presented. [Doc. No. 6]. The Court declined to adopt the recommendation, finding that Petitioner had raised one exhausted claim alleging a due process violation premised on an alleged unknowing and involuntary plea. [Doc. No. 7]. Thereafter, Judge Erwin recommended either dismissing the Petition on grounds that Petitioner had presented a "mixed" petition, or alternatively, allowing Petitioner to file an Amended Petition, asserting only the exhausted due process claim. [Doc. No. 9.] The Court allowed Petitioner to file an Amended Petition [Doc. Nos. 10-11].

In his third Report and Recommendation, Judge Erwin noted that in the Amended Petition, Petitioner had not heeded the Court's directive and had not raised only his exhausted due process claim. Instead, Petitioner had asserted claims not previously raised. [Doc. No. 12]. Thus, Judge Erwin again recommended dismissal based on a lack of exhaustion. *See id.* The Court partially adopted the recommendation, allowing Petitioner to file a Second Amended Petition raising only his exhausted due process claim. [Doc. No. 14].

On April 28, 2023, Petitioner filed a Second Amended Petition but not on the Court's approved form. [Doc. No. 15]. Judge Erwin ordered him to re-file the pleading and sent Petitioner an approved form. [Doc. No. 17]. Rather than complying, Petitioner filed a pleading titled "Petitioner Response Under 2254," reiterating his due process claim. [Doc. No. 18].

Judge Erwin ordered a response to the Second Amended Petition and the "Petitioner Response Under 2254" [Doc. No. 19] and in turn, Respondent filed a motion to dismiss arguing that Petitioner had failed to comply with federal and local rules and the Court's orders. [Doc. Nos. 23-24]. Relevant here, Respondent noted that Petitioner had ignored the Court's order to resubmit his Second Amended Petition on the proper form and urged dismissal under Fed. R. Civ. P. 41(b).

2

[Doc. No. 24 at 16-17]. In response, Petitioner argued that Rule 41(b) "[does] not apply" because he "did not understand the plea" (the basis for his due process claim). [Doc. No. 26 at 1].

In his fourth Report and Recommendation, Judge Erwin now recommends granting Respondent's motion to dismiss and dismissing the action without prejudice. [Doc. No. 27]. Petitioner has objected, arguing that under 28 U.S.C. § 2254 "the state application is not mandatory as required by law" and "does not stop [the Court] from adjudicating" his claim. [Doc. No. 28]. Petitioner also re-urges his due process allegations and discusses his mental illness. *See id.* Giving Petitioner's objection liberal interpretation, the Court believes he is arguing that because his due process rights were allegedly violated, and he is mentally ill, he is not required to submit his claim on the proper form.

## II.   De Novo Review

Rule 41(b) states that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This rule exists, in part, so that courts can "achieve the orderly and expeditious disposition of cases" and the Tenth Circuit has long held that "federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources." *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).

Here, Petitioner was informed that his Second Amended Petition lacked "the necessary information to proceed" and he was ordered to submit his exhausted claim on the proper form. [Doc. No. 17 at 2]. To aid Petitioner, the Court sent him the correct form to use. Unfortunately, Petitioner refused to comply, citing his belief that the proper form was not required and/or that his claim was sufficiently serious to forgo complying with the Court's instructions. The Court further

3

notes that Petitioner has been given multiple opportunities to raise his only exhausted claim and, despite his alleged mental illness or diminished capacity, Petitioner was able to (1) file his original Petition on the correct form, (2) object to numerous Report and Recommendations, and (3) respond to the motion to dismiss. Under these circumstances, the Court finds Petitioner has flouted the Court's authority without justification, and if a party can "'ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citation omitted; cleaned up). Respondent is therefore entitled to dismissal under Rule 41(b).

### III.    Conclusion

Based on the foregoing, Judge Erwin's fourth Report and Recommendation [Doc. No. 27] is ADOPTED and Respondent's motion to dismiss [Doc. No. 23] is GRANTED. Dismissal is entered without prejudice.[2] A separate judgment will enter.

IT IS SO ORDERED this 4th day of January, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[2] In *Ehrenhaus*, the Tenth Circuit set forth various factors to be considered when sanctioning a party with dismissal. *See Ehrenhaus*, 965 F.2d at 921. However, because dismissal here is entered without prejudice, the Court need not apply those factors. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).